GRADY ELLIS v. THE STATE.

No. 498. Decided February 16, 1910.

**1.—Assault to Murder—Practice on Appeal—Affirmance.**

The rule of practice in the Court of Criminal Appeals is not to affirm a case upon request, or dismiss the appeal upon request of appellant unless there is in writing an affidavit to the effect that he so desires, and this affidavit must be signed by him.

2.—Same—Practice on Appeal.

Where the request for affirmance bore sufficient evidence of the genuineness of the appellant's personal request, the same was granted; besides, according to the record on appeal, it was such that the case would have been affirmed anyway.

Appeal from the District Court of Delta. Tried below before the Hon. R. L. Porter.

Appeal from a conviction of assault with intent to murder; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Newman Phillips* and *Patteson & Patteson,* for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of assault to murder, he being alloted two years confinement in the penitentiary.

He files a request to the court to advance his case and affirm the judgment. This is in writing with appellant's name signed to it. It, however, is not certified by any officer to the effect that appellant did sign it, but counsel for appellant also files a statement to the effect that since the trial court adjourned appellant has concluded to not further prosecute his appeal except insofar as to enable him to procure from this court an affirmance of the decree at the first sitting of this court. The rule of practice has been, with this court, not to affirm a case upon request, or dismiss the appeal upon request of appellant unless there is in writing by him an affidavit to the effect that he so desires, and this must be done by him in person. This request, however, bears sufficient evidence of the genuineness of appellant's personal request, we think, to authorize the court to act upon it. The request, therefore, will be granted, and the judgment affirmed. But if the appeal was not so presented, the record before us presents no reason why the judgment should or ought to be reversed. The grounds of the motion for a new trial are based upon the overruling of the application for a continuance, which ruling of the court is not verified by bill of exceptions, and, second, because the court erred in refusing to give to the jury special charges No. 1 and No. 2 requested by appellant, and because the verdict is not signed by any person as foreman of the jury. The special charges are not in the record, and the judgment recites that the verdict was signed "Samuel Gray, Foreman." Even if there was not a request from appellant to affirm the judgment, the record is in such condition that it would be affirmed otherwise.

The judgment is therefore affirmed.

*Affirmed.*